**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHNNY POSTLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:26-cv-01079-STA-jay** |
| **SOUTHWEST HUMAN RESOURCE** | ) | |
| **AGENCY—TRANSPORTATION** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### ORDER TO SHOW CAUSE

---

This is an action for violations of Title VII of the Civil Rights Act of 1964. Plaintiff Johnny Postles filed suit on April 13, 2026, and caused summons to issue the same day. No other docket activity has occurred in the case since that time. Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve summons with a copy of a complaint on each defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(c)(1); *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint."). Plaintiff therefore had 90 days from April 13, 2026, in which to serve Defendant with process, that is, no later than July 13, 2026.[1] To date, Plaintiff has not filed proof to show that he has ever served Defendant with a summons and the Complaint within that deadline. Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action

---

[1] Technically, day 90 fell on Sunday, July 12, 2026. Plaintiff therefore had until the next business day to file serve Defendant. Fed. R. Civ. P. 6(a)(1)(C).

1

without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if he does, then the Court must extend the time for service. *Id*. "Establishing good cause is the responsibility of the [plaintiff] and necessitates a demonstration of why service was not made within the time constraints." *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). "Inadvertent failure or half-hearted efforts to serve" do not satisfy the good-cause standard. *Id*. (quoting *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991)).

Therefore, Plaintiff is ordered to show cause as to why this case should not be dismissed for failure to effect service pursuant to Rule 4(m).  Plaintiff's show cause response is due on or before July 21, 2026.  Failure to respond by that date will be deemed good grounds to dismiss Plaintiff's claims against Defendant without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 14, 2026