**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY POSTLES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 1:26-cv-01079-STA-jay |
| | ) | |
| SOUTHWEST HUMAN RESOURCE | ) | |
| AGENCY—TRANSPORTATION | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER ON SHOW CAUSE RESPONSE
ORDER EXTENDING TIME FOR SERVICE OF PROCESS**

---

This is an action for violations of Title VII of the Civil Rights Act of 1964. Plaintiff Johnny Postles filed suit on April 13, 2026, and caused summons to issue the same day. After 90 days passed with no other docket activity, the Court ordered Plaintiff to show cause as to why the Court should not dismiss the case for failure to serve Defendant under Federal Rule of Civil Procedure 4(m).

Plaintiff has now filed a response to the show cause order. Plaintiff concedes that he has not yet served Defendant or attempted service. According to the response, Plaintiff was evicted from his home, though the response does not indicate when this occurred. The response just states that Plaintiff suffered "setbacks to his resources and stability" due to the eviction and that "Plaintiff is now in a position to have this matter served, as his attorney has modified his agreement with him to make service possible by August 4, 2026." Resp. to Order to Show Cause 1. Nothing in the show cause response explains the meaning of this last statement.

1

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if he does, then the Court must extend the time for service. *Id*. "Establishing good cause is the responsibility of the [plaintiff] and necessitates a demonstration of why service was not made within the time constraints." *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). "Inadvertent failure or half-hearted efforts to serve" do not satisfy the good-cause standard. *Id*. (quoting *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991)).

The Court finds that Plaintiff has not established good cause for his failure to serve Defendant. Under Rule 4, the plaintiff has the responsibility to have the summons and complaint served within the 90-day time limit imposed by Rule 4(m). Fed. R. Civ. P. (c)(1). The show cause response cites the fact that Plaintiff was evicted from his home as the cause of Plaintiff's failure to serve Defendant. The Court credits Plaintiff's claim about the eviction. However, Plaintiff has not actually shown why the eviction prevented summons from being served in a timely fashion.

Plaintiff's show cause response implies that Plaintiff himself had the duty to see that service of process was completed and that his eviction prevented him from doing so. But Plaintiff could not serve the summons himself. Fed. R. Civ. P. 4(c)(2) (permitting any person "at least 18 years old and not a party" to serve a summons and complaint). What is more, Plaintiff has had representation of counsel at all times in this matter. Plaintiff has offered no explanation to show why counsel for Plaintiff could not have had Defendant served with summons and a copy of the complaint. After all, counsel filed the Complaint on Plaintiff's behalf and presented summons to

the Clerk of Court to be issued on Plaintiff's behalf. The Clerk electronically issued a copy of the summons to counsel, not Plaintiff. All of this occurred over 90 days ago. The show cause response does not show why counsel for Plaintiff could not have served Defendant sooner and allowed the action to proceed before now, despite Plaintiff's unfortunate circumstances. The Court does not find that Plaintiff has shown good cause to extend the time for service.

Furthermore, Plaintiff has not addressed the standard for a discretionary extension of the deadline for service. Even without a showing of good cause, "the court retains discretion as to whether or not to enlarge [Rule 4(m)'s 90-day] timeframe." *United States v. Oakland Phys. Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). The Sixth Circuit has adopted the following factors for district courts to consider "when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause":

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

Plaintiff has not addressed any of these factors as part of his request for more time to serve Defendant. Based on the record before the Court, only two factors weigh in favor of a discretionary extension of the deadline for service: the short duration of the extension Plaintiff seeks and the

3

possible prejudice to Plaintiff if the Court does not extend the deadline. First, Plaintiff has requested to have until August 4 to complete service. That deadline amounts to a 21-day extension of the original deadline for service. The brief nature of the extension requested by Plaintiff weighs in favor of a discretionary extension.

Second, if the Court does not extend the time for service, Plaintiff may suffer substantial prejudice. Plaintiff's suit for violations of Title VII could be time barred, even if the Court dismisses the Complaint without prejudice and Plaintiff refiles the action at a later time. Plaintiff attached to his Complaint a right-to-sue letter (ECF No. 1-1) issued by the EEOC on January 13, 2026, giving Plaintiff 90 days from receipt of the letter to file his judicial complaint. The Sixth Circuit has held that "the filing of a complaint which is later dismissed without prejudice [for failure to serve the defendant] does not toll the statutory filing period of Title VII." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (per curiam). Based on the holding in *Wilson*, Plaintiff's refiled action would likely be time barred, meaning the dismissal of Plaintiff's case now could result in substantial prejudice to Plaintiff.

Because dismissal without prejudice could substantially prejudice Plaintiff's right to refile his case, the Court will extend the time for service. The extended deadline for Plaintiff to complete service of process and file proof of service with the Court is August 4, 2026. The failure to file proof of service with the Court by the close of business on August 4, 2026, may result in the dismissal of Plaintiff's case without further notice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 22, 2026

4